**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

LEODIS RANDLE,                                                                              PLAINTIFF

v.                                         4:23CV00114-KGB-JTK

ERIC HIGGINS, et al.                                                                  DEFENDANTS

**<u>ORDER</u>**

Leodis Randle ("Plaintiff") filed a one-page Complaint against Eric Higgins and unidentified "agents."   (Doc. No. 1-1).

The Court is required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.   28 U.S.C. §1915A(a).[1]   Additionally, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), provides that:

---

[1] The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).   An action is frivolous if "it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing <u>pro se</u>, his complaint must allege specific facts sufficient to state a claim. See <u>Martin v. Sargent</u>, 780 F .2d 1334, 1337 (8th Cir.1985).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).   In reviewing a <u>pro se</u> complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), <u>citing</u> <u>Twombly</u>, 550 U.S. at 570.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   <u>Twombly</u>, 550 U.S. at 556-7.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with"

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court finds that Plaintiff is a "three-striker" within the meaning of the PLRA. [2] Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

Plaintiff alleges that he is not safe in the Pulaski County Detention Center.   (Doc. No. 1). He says that he was attacked on January 31, 2023 in retaliation for suing over 38 officers "and still is being attacked to this day."   (Id.).   Plaintiff maintains that Defendant Higgins "do[es] not have the functions to correct this issue."   (Id.).   Plaintiff asks to be moved.   (Id.).

The Court cannot properly screen Plaintiff's Complaint considering the scant allegations Plaintiff made.   Accordingly, the Court directs Plaintiff to file an Amended Complaint within thirty (30) days of the entry date of this Order.   Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect. [3]   Only claims properly set out in the Amended Complaint will be allowed to proceed.   Therefore, Plaintiff's Amended Complaint should:

**1) name as a Defendant each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant**

---

a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."   Id.

[2] Plaintiff has had at least three 42 U.S.C. § 1983 cases dismissed for failure to state a claim upon which relief may be granted or as frivolous: Randle v. Peters, et al., 4:14-cv-00280-BRW (E.D. Ark.); Randle v. Doe., 4:18-cv-00529-BRW (E.D. Ark.); and Randle v. Arkansas, et al., 4:17-cv-00291-BSM (E.D. Ark.).

[3] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

**in a simple, concise, and direct manner, including dates, times, and places if possible;   3)**
**indicate whether he is suing each Defendant in his/her individual or official capacity, or in**
**both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5)**
**explain how each Defendant's actions harmed him personally; 6) explain the relief he seeks;**
**and 7) otherwise set out viable claims.**

Upon receiving Plaintiff's Amended Complaint, if he wishes to file one, the Court will determine whether Plaintiff may proceed under the imminent danger exception to the three strikes rule.   If so, Plaintiff will be required to pay the statutory filing fee or file an application to proceed in forma pauperis.

The Clerk of the Court is directed to send Plaintiff a 42 U.S.C. § 1983 form and an application to proceed in forma pauperis, including calculation sheet, along with a copy of this Order.

IT IS SO ORDERED this 17th day of February, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE